UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER BEAUDRY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE NOCO COMPANY, INC.,<br><br>    Defendant. | Case No. 25-cv-01467-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STAY DISCOVERY**<br><br>Re: ECF No. 6 |

Before the Court is Defendant The NOCO Company, Inc.'s motion to dismiss. ECF No. 6. The Court will grant the motion in part and deny it in part. The Court will deny as moot NOCO's motion to stay discovery pending resolution of its motion to dismiss, ECF No. 31.

## I.  BACKGROUND

For the purpose of deciding this motion, the Court accepts as true the following factual allegations from the complaint, ECF No. 1-1. Defendant NOCO manufactures several models— the GB20, GB40, GB50, GB70, and GB150—of products designed to jump-start dead vehicle batteries ("the Products"). *Id.* ¶¶ 8–13. The Products are available for sale on NOCO's website and via online retailer Amazon, and NOCO is the "#1 Best Seller in Jump Starters" on Amazon. *Id.* ¶¶ 13, 16. The Products' Amazon webpages represent that they allow a user to "Start Dead Batteries" and "Safely jump start a dead battery in seconds," and they further represent that the Products are "easy-to-use" and "mistake-proof." *Id.* ¶ 14.

But the Products have a defect, alleged on information and belief, that prevents them from sensing that they are connected to a battery if the battery has less than 2 volts of power remaining. *Id.* ¶ 21. The Products will not jump start a battery under these conditions, and consequently "[c]ustomers who purchased the NOCO Boost Products found that their devices were not as

reliable as advertised." *Id.* ¶ 23.

Plaintiff and putative class representative Peter Beaudry purchased a new GB150 Product through Amazon on August 5, 2024. *Id.* ¶ 31. He relied on the representations on the Amazon website that the Product was "ultrasafe," "mistake-proof," and could "start dead batteries"—including on boats. *Id.* ¶ 33. When Beaudry's boat battery died, however, the Product failed to jump-start it. *Id.* ¶ 35. When Beaudry used a friend's jump starter, he was able to jump-start his boat. *Id.* ¶ 36.

Beaudry filed his complaint in the Sonoma County Superior Court on December 27, 2024, alleging claims for: (1) breach of implied warranty of fitness for a particular purpose, Cal. Com. Code § 2315; (2) breach of implied warranty of merchantability, Cal. Com. Code § 2314(2); (3) breach of implied warranty of fitness for a particular purpose, California Song-Beverly Act, Cal. Civ. Code § 1790 *et seq.*; (4) breach of implied warranty of merchantability, California Song-Beverly Act; (5) violations of California False Advertising Law Cal. Bus. & Prof. Code § 17500 *et seq*. ("FAL"); and (6) violations of California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). NOCO removed the action to this federal court on February 12, 2025. ECF No. 1.

NOCO moved to dismiss the action on February 19, 2025. ECF No. 6. Beaudry opposes the motion, ECF No. 22, and NOCO has filed a reply, ECF No. 24. On May 7, 2025, NOCO also moved to stay discovery pending resolution of the instant motion to dismiss. ECF No. 31. Beaudry opposes that motion, ECF No. 33, and Beaudry filed a reply. ECF No. 36.[1]

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332.

## III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal "is appropriate only where the complaint

---

[1] The Court has determined that these matters are suitable for disposition on the papers and vacates the hearing scheduled for July 3, 2025. N.D. Cal. Civ. L.R. 7-1(b).

2

lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but the facts must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While this standard is not "akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

In determining whether a plaintiff has met the plausibility requirement, a court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. REQUESTS FOR JUDICIAL NOTICE

NOCO asks the Court to take judicial notice of, or find incorporated by reference in the complaint, several documents: two Amazon product listing webpages, for the NOCO GB40 and NOCO GB150, ECF No. 6 at 14–15; two Amazon NOCO product reviews, both of which are quoted in the complaint, *id.* at 6; the NOCO GB150 User Guide, *id.*; three Amazon reviews not quoted in the complaint, ECF No. 6-1 ¶¶ 5, 6, 7; and "screenshots of Amazon AI reports for 'ease of use' for all NOCO Boost Products," *id.* ¶ 8.

In general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). But on a motion to dismiss, the court may "consider materials incorporated into the complaint" when "the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the

3

document's authenticity is not in question[,] and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A document is incorporated by reference when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). This doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

### A.     Amazon Listing Webpages

NOCO refers to two Amazon product listing webpages but does not provide authority to support the Court's consideration of those documents. Nonetheless, Beaudry's complaint refers extensively to the Amazon product listing webpage for the GB40, *see* ECF No. 1-1 ¶ 14-15 & n.5, and the Court finds that document incorporated by reference. The complaint refers only in passing to the Amazon product listing webpage for the GB150, and the Court does not consider that document.

### B.     Product Reviews

Beaudry quotes extensively (but selectively) in his complaint from the product reviews submitted as Exhibits 1 and 2, ECF Nos. 6-2, 6-3. The Court accordingly finds those documents incorporated by reference in the complaint. The remaining reviews appear nowhere in Beaudry's complaint, and NOCO's request is denied as to those documents.

### C.     User Guide

NOCO asks the Court to take judicial notice of the Product user guide because it is a publicly available document, citing *Husain v. Campbell Soup Co.*, 747 F. Supp. 3d 1265 (N.D. Cal. 2024). ECF No. 6 at 15 n.4. *Husain* does not discuss public availability at all, concluding instead that the documents at issue there were incorporated by reference into the complaint. 747 F. Supp. 3d at 1273 n.1. In fact, as this Court has previously held, "a document is not 'judicially noticeable simply because it appears on a publicly available website.'" *In re Cal. Bail Bond Antitrust Litig.*, 511 F. Supp. 3d 1031, 1040 (N.D. Cal. Jan. 5, 2021) (quoting *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2018)). Because NOCO offers no additional

4

support for its request that the Court take judicial notice of the user guide, the Court denies the request.

## V. DISCUSSION

### A. Implied Warranty of Merchantability and Implied Warranty of Fitness (California Commercial Code)

NOCO brings a claim for breach of the implied warranty of merchantability and the implied warranty of fitness. "The elements of the claim of breach of implied warranty of merchantability are (1) the plaintiff bought a consumer good (i.e., a good used primarily for personal, family or household purposes) manufactured or distributed by the defendant; (2) the defendant was in the business of manufacturing or distributing the particular consumer good to retail buyers; and (3) the consumer good (a) was not of the same quality as those generally acceptable in the trade; or (b) was not fit for the ordinary purposes for which such goods are used; or (c) was not adequately contained, packed and labeled; or (d) did not measure up to the promises or facts stated on the container or label." *Moradian v. Mercedes-Benz USA, LLC*, No. 2:21-cv-09979-MEMF (AFMx), 2022 WL 4596650, at *5 (C.D. Cal. Mar. 17, 2022); *Thornton v. Micro-Star Int'l Co.*, No. 2:17-cv-03231-CAS-AFMx, 2018 WL 5291925, at *11 (C.D. Cal. Oct. 23, 2018) (noting that the substantive elements for the Song-Beverly Act mirror those of the California Commercial Code). Furthermore, under the implied warranty provision of the California Commercial Code, a plaintiff asserting breach of warranty claims must stand in vertical contractual privity with the defendant. *Mega RV Corp. v. HWH Corp.*, 225 Cal. App. 4th 1318, 1333 (2014); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).

NOCO argues that Beaudry's California Commercial Code claims for implied warranty of merchantability and implied warranty of fitness for a particular purpose should be dismissed because Beaudry does not plead that he has vertical privity of contract with NOCO. ECF No. 6 at 17–18. Beaudry "does not oppose NOCO's motion with respect to his specific claims of breach of implied warranty of merchantability and fitness brought under the California Commercial Code." ECF No. 22 at 12. The Court dismisses those claims with prejudice.

5

### B. Implied Warranty of Merchantability (Song-Beverly Act)

Beaudry also brings an implied warranty of merchantability claim under California's Song-Beverly Consumer Warranty Act. Under that Act, "consumer goods sold in California carry an implied warranty of merchantability, meaning . . . that they must be 'fit for the ordinary purposes of which such goods are used.'" *Bezirganyan v. BMW of N. Am., LLC*, 562 F. Supp. 3d 633, 641 (C.D. Cal. 2021) (quoting Cal. Civ. Code § 1791.1(a)(2)). This warranty "does not 'impose a general requirement that the goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality.'" *Id.* (quoting *Am. Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1296 (1995)). Therefore, a plaintiff must allege that "the product lacks even the most basic degree of fitness for ordinary use." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 (9th Cir. 2009) (quoting *Mocek v. Alfa Leisure, Inc.*, 114 Cal. App. 4th 402, 406 (2003)).

NOCO essentially argues that Beaudry fails to state a Song-Beverly Act implied warranty claim because consumers like NOCO's products. *See* ECF No. 6 at 19-20, 20 ("Not only has Amazon recognized the high quality of the NOCO Jump Starters but consumers have as well."). These arguments rely upon documents the Court has declined to consider, *supra*, and improperly invite the Court to resolve factual issues better left for summary judgment or trial. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) (reaffirming "the prohibition against resolving factual disputes at the pleading stage"). Accordingly, the Court rejects those arguments.

### C. Implied Warranty of Fitness for a Particular Purpose

To state a claim for breach of implied warranty of fitness for a particular purpose,

> a plaintiff must allege "(1) the purchaser at the time of contracting intends to use the goods for a particular purpose, (2) the seller at the time of contracting has reason to know of this particular purpose, (3) the buyer relies on the seller's skill or judgment to select or furnish goods suitable for the particular purpose, and (4) the seller at the time of contracting has reason to know that the buyer is relying on such skill and judgment."

*Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2016 WL 1029607, at *18 (N.D. Cal. Mar. 15, 2016) (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1021 (N.D. Cal. 2014)). "A particular purpose differs from an ordinary purpose in that 'it envisages a specific use by the buyer

6

1    which is peculiar to the nature of his business whereas the ordinary purposes for which good are
2    used are those envisaged in the concept of merchantability and go to uses which are customarily
3    made of the goods in question.'" *Punian*, 2016 WL 1029607, at *18 (quoting *Frenzel*, 76 F. Supp.
4    3d at 1021).

5        The Court finds that Beaudry does not allege a "particular purpose" as required under the
6    Song-Beverly Act. Beaudry's complaint and opposition are unclear—and at times even
7    contradictory—about what the "particular purpose" is for which he alleges NOCO's Products are
8    unfit. The opposition focuses on the fact that NOCO "advertises its products for use on boats" and
9    "Mr. Beaudry purchased his NOCO Jump Starter for use on his boat," ECF No. 22 at 16, while the
10   complaint alleges only that "NOCO had reason to know that consumers of the NOCO Boost
11   Products would use them for a particular purpose: as a jump starter, most commonly for dead
12   vehicle batteries." ECF No. 1-1 ¶ 76. Focusing on the allegations in the complaint, as the Court
13   must, the Court finds that use "as a jump starter," *id.*, "up to 20 times on a single charge," *Id.* ¶ 15,
14   and to "safely connect to any battery," *id.* ¶ 12, are the ordinary purposes for which the Products
15   are customarily purchased. *See Punian*, 2016 WL 1029607, at *18 (purchasing batteries with a
16   ten-year guarantee with the intended purpose of "normal use" for "ten years" was not a particular
17   purpose "but rather the ordinary purpose for which Duralock Batteries are customarily
18   purchased").

19       Accordingly, the Court dismisses with leave to amend Beaudry's claim for implied
20   warranty of fitness for a particular purpose.

21       **D.    FAL Claim**
22       California's FAL prohibits any "untrue or misleading" advertising. Cal Bus. & Prof. Code
23   § 17500. "Under the FAL, . . . conduct is considered deceptive or misleading if the conduct is
24   'likely to deceive' a reasonable consumer.'" *Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052,
25   1063 (N.D. Cal. 2017) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir.
26   2008)). Beaudry's FAL claim is based on the allegedly deceptive statements that the Products are
27   "easy to use," "mistake-proof," and able to "start dead batteries." ECF No. 1-1 ¶ 99.
28       Beaudry's FAL claim suffers from two defects. First, Beaudry does not allege that the

1    statements on which he relied were in fact made *by NOCO*. Beaudry contends that he "has alleged
2    facts that raise a reasonable inference that NOCO is responsible for this content" by "alleg[ing] the
3    advertising and information appearing on NOCO's Amazon webpage is identical to that on its
4    own webpage." ECF No. 22 at 17–18. But what the complaint actually alleges is that the two
5    webpages contain some "similar claims," not that they are identical. *See* ECF No. 1-1 ¶ 15.
6    Merely similar allegations do not give rise to the inference that NOCO was responsible for the
7    content on the Amazon webpage such that Beaudry relied on statements made by NOCO. The
8    Court will dismiss Beaudry's FAL claim for this reason.

9    The second defect is that two of the three statements Beaudry accuses—that the Products
10   are "easy to use" and "mistake-proof"—are nonactionable puffery. *See Lashify, Inc. v. Urban
11   Dollz LLC*, No. CV 22-6148-GW-AFMx, 2024 WL 3915093, at *8 (C.D. Cal. July 19, 2024)
12   (statements that products were "easy to use and sav[ed] time" were non-actionable puffery); *see
13   Anunziato v. eMachines Inc.*, 402 F. Supp. 2d 1133, 1139 (C.D. Cal. 2005) (general
14   representations concerning the "outstanding quality, reliability, and performance" of a product
15   were non-actionable puffery). If Beaudry amends his complaint, he should tailor his allegations
16   accordingly.[2]

17   NOCO also argues that the allegedly deceptive statements are not false or misleading
18   because of the presence of positive reviews for the products on their Amazon webpages. ECF No.
19   6 at 22–23. Because the Court has declined to take judicial notice of the reviews in question, and
20   because such a factual inquiry is improper at the motion to dismiss stage, *see Khoja*, 899 F.3d at
21   1003, the Court rejects this argument.

22   **E.    UCL Claim**

23   "Because the UCL is written in the disjunctive, it establishes three varieties of unfair
24   competition—acts or practices which are unlawful, or unfair, or fraudulent." *Aton Ctr., Inc. v.
25   United Healthcare Ins. Co.*, 93 Cal App. 5th 1214, 1248 (2023) (citation and quotation omitted).

---

[2] By contrast, the Court finds that the statement that the Products can "start dead batteries" is not puffery and can properly form the basis of an FAL claim. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990) ("misdescriptions of specific or absolute characteristics of a product are actionable" (quotation and citation omitted)).

8

"An act can be alleged to violate any or all of the three prongs of the UCL—unlawful, unfair, or fraudulent." *Id.* (citation and quotation omitted). Beaudry claims that NOCO's conduct violates all three prongs. ECF No. 1-1 ¶¶ 109 (unlawful), ¶¶ 110–12 (unfair), ¶ 113 (fraudulent). NOCO challenges Beaudry's pleading of the unlawful and fraudulent prongs. ECF No. 6 at 24–25.

### 1. "Unlawful" Prong

A UCL action "to redress an unlawful business practice 'borrows' violations of other laws and treat [them] . . . as unlawful practices independently actionable." *Farmers Ins. Exch. V. Superior Ct.*, 2 Cal. 4th 377, 383 (1992). NOCO argues that Beaudry fails to plead adequately his other claims and thus his "unlawful" prong UCL claim likewise fails. ECF No. 6 at 25. Because the Court above denies NOCO's motion to dismiss Beaudry's claim for implied warranty of merchantability under the Song-Beverly Act, the Court also rejects Beaudry's argument regarding the "unlawful" prong of Beaudry's UCL claim.

### 2. "Fraudulent" Prong

NOCO also argues that "to the extent that Mr. Beaudry's unfair competition claim is premised on his claim for false advertising, Mr. Beaudry failed to meet the stringent pleading requirements of [Federal Rule of Civil Procedure] 9(b)." ECF No. 6 at 25. In particular, NOCO argues Beaudry's allegations fall short of the Rule 9(b) mark because Beaudry fails to allege that NOCO actually made the statements on which Beaudry relied. Because the Court dismissed Beaudry's FAL claim on this ground, it also dismisses the "fraudulent" prong of Beaudry's UCL claim.

### F.     Class Allegations

Finally, NOCO urges the Court to strike Beaudry's class claims, contending that Beaudry fails to meet the requirements of Federal Rule of Civil Procedure 23(b). ECF No. 6 at 25–32.

"Courts in this District have held that Rule 12(b)(6) is not a proper vehicle for dismiss class claims." *Sulzberg v. Happiest Minds Techs. Pvt. Ltd.*, No. 19-cv-05618-SVK, 2019 WL 6493984, at *2 (N.D. Cal. Dec. 3, 2019); *see also Gatling-Lee v. Del Monte Foods, Inc.*, No. 22-CV-00892-JST, 2023 WL 11113888, at *14 (N.D. Cal. Mar. 28, 2023), *reconsideration denied sub nom. Nacarino v. Del Monte Foods, Inc.*, No. 22-CV-00892-JST, 2024 WL 847925 (N.D. Cal.

9

Feb. 28, 2024); *Williams v. Affinity Ins. Servs., Inc.*, No. 23-CV-06347-JST, 2024 WL 3153214, at *8 (N.D. Cal. June 24, 2024); *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321, 2024 WL 694485, at *8 (N.D. Cal. Feb. 20, 2024); *Dodson v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2014 WL 1493676, at *11 (N.D. Cal. Apr. 16, 2014).

Because NOCO has not shown that "this [is] the rare case where the pleadings indicate that the class requirements cannot possibly be met," *Blair v. CBE Grp.*, No. 13-CV-134-MMA (WVG), 2013 WL 2029155, at *5 (S.D. Cal. May 13, 2013), the Court will deny NOCO's motion to dismiss Beaudry's class allegations.

## CONCLUSION

For the foregoing reasons, the Court grants the motion in part and denies it in part. The Court dismisses with prejudice Beaudry's claims under the California Commercial Code for implied warranty of merchantability and implied warranty of fitness for a particular purpose; dismisses without prejudice Beaudry's FAL claim and the "fraudulent" prong of his UCL claim; and denies the motion as to Beaudry's claim for implied warranty of merchantability under the Song-Beverly Act, the "unlawful" prong of Beaudry's UCL claim, and the class allegations.

The Court grants Beaudry leave to amend solely to cure the deficiencies identified in this order. Any amended complaint shall be filed within 28 days.

NOCO's motion to stay discovery, ECF No. 31, is denied.

**IT IS SO ORDERED.**

Dated: July 2, 2025

_____
JON S. TIGAR
United States District Judge